CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 22, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ATTICUS CONWAY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:25cv185** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **SERGEANT FISHER, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

In this civil rights action under 42 U.S.C. § 1983, plaintiff Atticus Conway, a Virginia inmate proceeding *pro se,* filed a new Complaint (Dkt. No. 39) which the court construes as a Motion for Leave to file an Amended Complaint, inasmuch as a Motion to Dismiss has already been filed in this case over nine months ago, and Rule 15 of the Federal Rules of Civil Procedure requires agreement of the parties or leave of court to amend the Complaint at this time.  Fed. R. Civ. P. 15(a)(2).

The Motion for Leave to file the Amended Complaint will be denied, because the allegations are not sufficiently related to the cause of action in this suit, the proposed Amended Complaint seeks to add new parties to the suit in violation of the requirements of Rule 20(a)(2) of the Federal Rules of Civil Procedure, and the allegations of the proposed Amended Complaint fail to state a claim for which relief may be granted.

Ordinarily, leave to amend is liberally granted under Rule 15.  However, leave to amend should be denied when amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).  The claim Conway seeks to add would be futile because it fails to state a claim for which relief may be granted.  He claims, without any supporting details, that he thinks his food is poisoned and that he is intentionally being given the wrong pills.  Such claims cannot be accepted at face value because they clearly appear baseless and delusional. *Brock v.*

*Angelone*, 105 F.3d 952, 953–54 (4th Cir. 1997) (per curiam) (affirming district court's dismissal of Complaint as frivolous when plaintiff alleged poison in his pancake syrup).

Further, the claim in the proposed Amended Complaint is not related to the claim in his original Complaint that defendants were deliberately indifferent to his medical needs in March 2022 by failing to give him his psychiatric medications for two weeks, causing him to have a seizure and become comatose. The new claim is not related to the events in March 2022 and requires additional defendants who are not parties to the original suit. Under Rule 20, multiple defendants can be joined in a single suit only when the claims against them arose from the same transaction or occurrence and contain a question of fact or law common to all defendants. Fed. R. Civ. P. 20(a)(2).

For these reasons, I will deny the Motion for Leave to File an Amended Complaint, without prejudice to Conway's right to file a proper motion and proper Amended Complaint, and I will strike the proposed Amended Complaint from this suit.

An appropriate order will be entered this day.

Enter:  April 22, 2026

*/s/ Robert S. Ballou*

Robert S. Ballou
United States District Judge